# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| WASHINGTON D.C. SEATTLE CITY MANUFACTURING, INC. and JAYDEEN CATHERINE DELA CRUZ, | CIVIL CASE NO. 21-00007 |
| Plaintiffs, | |
| vs. | **ORDER** |
| GUAM HOMELAND SECURITY OFFICE OF CIVIL DEFENSE, GUAM ENVIRONMENTAL PROTECTION AGENCY, DEPARTMENT OF REVENUE AND TAXATION, NATIONAL WILDLIFE AND NATIONAL GEOGRAPHIC MAGAZINE, DISCOVERY CHANNEL ON T.V., and K-57 NEWS TALK, | |
| Defendants. | |

This matter is before the court on Plaintiff Jaydeen Catherine Dela Cruz's Application to Proceed Without Prepaying Fees or Costs (the "Application to Waive Fees"). *See* ECF No. 2.

## I. Application to Waive Fees

Ms. Dela Cruz is proceeding in this action *pro se*, without an attorney, and has requested to proceed without paying the required filing fee.[1] Section 1915(a)(1) permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said

---

[1] Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $402 filing fee is required from the party instituting any civil action in federal court.

1

person "submits an affidavit [stating] that the person is unable to pay such fees[.]" 28 U.S.C. §

1915(a)(1). Under this statute, federal courts can authorize the filing of a lawsuit without

prepayment of fees or security by a person who submits an affidavit that includes a statement

setting forth all the person's assets and demonstrates an inability to pay such costs or give such

security.

The court has reviewed Ms. Dela Cruz's Application to Waive Fees, where she reports

she has no income and no money in the bank. Applic. Waive Fees at ¶¶ 2 and 4. She further

claims to owe $13,000 in monthly expenses. *Id.* at 6. While it appears that Ms. Dela Cruz has

demonstrated that she does not have the resources to pay the filing fees, this does not end the

court's inquiry. The court must still subject the Complaint to mandatory screening before

allowing the case to move forward and issue summons, requiring an answer or responsive

pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

**II. Screening Complaint**

Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and

dismiss the case if the court determines that the action is "frivolous or malicious," "fails to state a

claim upon which relief may be granted," or "seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27 (stating that

28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma*

*pauperis* complaint that fails to state a claim). "A complaint is frivolous within the meaning of §

1915(d) if it lacks an arguable basis either in law or in fact." *Cato v. United States*, 70 F.3d 1103,

1106 (9th Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

When screening a complaint, the court is mindful that allegations of a *pro se* complaint

are held to a less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

The court finds that the Complaint suffers a number of deficiencies. First, the Complaint names two plaintiffs – Ms. Dela Cruz and Washington D.C. Seattle Manufacturing, Inc. (the "Corporate Plaintiff"). It is unclear from the scant information provided in the Complaint what relationship, if any, exists between Ms. Dela Cruz and the Corporate Plaintiff, but a corporation may only appear in federal court through a licensed attorney. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). Ms. Dela Cruz is not a licensed attorney and therefore, she may not bring a lawsuit on behalf of a corporation.

Second, the Complaint indicates that the basis for the court's jurisdiction over this action is "Diversity of citizenship." Compl. at ¶ II, ECF No. 1. The court has diversity jurisdiction over cases where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is an action between citizens of different states. *See* 18 U.S.C. § 1332. According to the Complaint, Ms. Dela Cruz is a citizen of Guam and resides in Guam.[2] *Id.* at ¶¶ I.A and II.B.1. Ms. Dela Cruz is suing six defendants, all of whom are either Government of Guam agencies or is a corporation under 28 U.S.C. § 1332(b)(1) ("a corporation shall be deemed to be a citizen of every State . . .

---

[2] While Ms. Dela Cruz noted that she is a citizen of the state of Washington, D.C., *see* Compl. at ¶ II.B.1.a., she provides on that same section that her "principal place of business" is in Guam, *see id.* at ¶ II.B.1.b. Further, Ms. Dela Cruz provided a residential and mailing addresses located in Agat, Guam. Compl. at ¶ I.A.

3

by which it has been incorporated and of the State . . . where it has its principal place of business[.]").[3] *See id.* at ¶ I.B. Thus, it is clear from the Complaint that there can be no diversity of citizenship between the parties in this case.

Finally, ¶ III of the Complaint requires Ms. Dela Cruz to provide a "short and plain statement of the claim." Therein, Ms. Dela Cruz has written "about 1 year ago have to apply for unemployment. Loss hours. Got fourghlor [*sic*] employement [*sic*] closed down. no work. I'm claiming a major disaster for Guam." *Id.* at ¶ III. Based on the sparse information provided, Ms. Dela Cruz's claim is unintelligible. This claim, without more, is not one that arises under the Constitution, laws, or treaties of the United States. *See* 18 U.S.C. § 1331. The Complaint fails to allege a claim against any defendant which may be based upon a federal question since she cites to no violation of a federal statute, treaty or constitutional provision that would entitle her to relief against the defendants.

**III. Leave to Amend**

When dismissing a complaint, a court should normally grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). *See also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile [.]"

Here, leave to amend would be futile. First, with regard to any claim by the Corporate Plaintiff, Ms. Dela Cruz is not an attorney and thus it was improper for her to file this lawsuit on behalf of the Corporate Plaintiff. Second, the court has no diversity jurisdiction over any of the claims because Ms. Dela Cruz and the defendants are all citizens of Guam. Finally, the court has no federal question jurisdiction over the alleged claims.

---

[3] National Wildlife and National Geographic Magazine and Discovery Channel are citizens of Guam to the extent that their materials reach Guam through mail and television, respectively.

## IV. Conclusion

For the reasons stated above, the above-captioned matter is DISMISSED with prejudice.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
 **Chief Judge**
**Dated: Sep 01, 2021**